IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLIE BRANNER, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO.: 5:11-CV-471 (HL) |
| | : | |
| KIMBERLY COBB; | : | |
| GREG CARR; | : | |
| Parole Officer CHAPPELL LONG; | : | |
| D. DUSTON TAPLEY, JR., | : | |
| | : | |
| Defendants | : | **ORDER OF TRANSFER** |
| _____ | : | |

Plaintiff **CHARLIE BRANNER, JR**,[1] presently incarcerated at the Tift County Jail in Tifton, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff also submitted a motion to proceed without prepayment of the filing fee or security therefor under 28 U.S.C. § 1915(a).

Plaintiff complains that in Tattnall County on March 2, 2011 he was arrested by Lt. Greg Carr of the Tattnall County Sheriff's Department. Plaintiff was apparently accused of "driving on a suspended license and obstruction of [a] law enforcement officer . . . by jumping out of the vehicle and running into the wooded area." According to Plaintiff, his wife, Kristen Branner, was coerced to write a statement against him.

---

[1] Charlie Branner, Jr. has placed the names of three additional plaintiffs on his complaint: Kristin Branner, R. Fortson, and Susan Fowler. No one, including Charlie Branner, Jr., has actually signed the complaint. In relation to his request to proceed *in forma pauperis*, Charlie Branner, Jr. has submitted income/account information just for himself.

Plaintiff claims that he was not the individual driving, or fleeing from, the car. According to Plaintiff, the videotape of the incident "did not identify [him]." However, he was "forced by [his] parole officer Chappell Long and coerced to sign the waiver for six months [at] Wentworth Parole Center." Plaintiff states that Wentworth Parole Center then rejected him and he had to attend a final parole revocation hearing at Reidsville State Prison without his attorney, Duston Tapley, Jr.

Plaintiff claims that he was banished from Tattnall County, but the probation officer in Tattnall County has not transferred his probation from Tattnall County to Tifton, Georgia

It appears that venue in this district is improper. The venue provisions of 28 U.S.C. § 1391(b) provide in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

Here, the events forming the basis of plaintiff's complaint occurred in Tattnall County, which is located in the Southern District of Georgia. Moreover, all of the named Defendants reside in the Southern District of Georgia. Therefore, the Southern District of Georgia is the proper venue for this cause of action, not the Middle District.

Instead of dismissing this action, the Court may, in the interest of justice, transfer the case under 28 U.S.C. § 1631 to the Court in which venue would be proper. Accordingly, the Court **DIRECTS** the Clerk of the Court to transfer this action to the United States District Court for the Southern District of Georgia.

**SO ORDERED**, this 30th day of November, 2011.[2]

                                    *s/ Hugh Lawson*
                                    HUGH LAWSON, JUDGE
                                    UNITED STATES DISTRICT COURT

lnb

---

[2] Plaintiff's motion to proceed *in forma pauperis* is transferred for further consideration in the Southern District of Georgia.